NIGHT BOX
FILED

JU - 9 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-1386-CIV-Ungaro-Benages/Brown

RICHARD RUBIN,

      **Plaintiff,**

vs.

U.S. NEWS & WORLD REPORT, INC.
and David E. Kaplan,

      **Defendants.**

_____/

## MOTION OF DEFENDANTS TO DISMISS THE COMPLAINT

Defendants U.S. News & World Report, Inc. ("U.S. News") and David E. Kaplan ("Kaplan"), respectfully move this Court for an Order dismissing the Complaint of plaintiff Richard Rubin ("Rubin") with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This libel action arises out of an article (the "Article") published in the November 29, 1999 edition of *U.S. News* and written by Kaplan.

As grounds for this Motion, defendants state:

1.     Rubin's Complaint does not allege that any of the facts about him in the Article are false or that quotes from him are inaccurate. Instead, his claim is predicated entirely on the theory of libel-by-implication – that is that the Article does not state but allegedly implies that Rubin is involved in money laundering and other criminal activities.

2. To prevail on this theory, Rubin must show, first, based just on the face of the article, that the alleged implication could be reasonably understood from the Article, and, second, that the Article demonstrates that the implication was intended or adopted.

3. The Complaint fails to state a claim because the Article is not capable of a defamatory meaning in that the Article can not be reasonably understood as implying that Rubin was engaged in money laundering or other criminal activities and the Article contains no affirmative evidence that any such implication was intended or endorsed.

4. In addition, the Complaint fails to state a claim because the defamatory statements in the Article can not be reasonably understood as "of and concerning" plaintiff.

For these reasons as detailed more specifically in the accompanying Memorandum of Law and upon the Declaration of Laura R. Handman and attachments thereto, defendants respectfully submit that the Complaint should be dismissed in its entirety with prejudice because it does not state a claim for defamation as a matter of law.

Dated this 9th day of June, 2000.

    Respectfully submitted,

    ATTORNEYS FOR DEFENDANTS

    DAVIS WRIGHT TREMAINE LLP
    1500 K Street, N.W., Suite 450
    Washington, DC 20005-1262
    Telephone: (202) 508-6624
    Facsimile: (202) 508-6699

    By: _____
    Laura R. Handman (5353)
    e-mail: laurahandman@dwt.com
    Richard L. Cys (0239)
    e-mail: rickcys@dwt.com

GREENBERG TRAURIG, P.A.
515 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 768-8246
Facsimile: (954) 765-1477

By: _____
    Jerold I. Budney (FBN 283444)
    e-mail: budneyj@gtlaw.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2000, true and correct copies of the foregoing Motion to Dismiss the Complaint were served by first class mail, postage prepaid, upon:

    Richard B. Simring, Esq.
    Stroock & Stroock & Lavan LLP
    3300 First Union Financial Center
    200 South Biscayne Boulevard
    Miami, Florida 33131

    Barry Langberg, Esq.
    Deborah Drooz, Esq.
    Stroock & Stroock & Lavan LLP
    2029 Century Park East, Floors 16 & 18
    Los Angeles, California 90067-3086

_____
Jerold I. Budney